# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FERNANDO FONTANEZ,

　　　　　*Plaintiff*,

　　v.

RUSSELL VOUGHT,

　　　　　*Defendant*.

Civil Action No. 25 - 4539 (UNA)

## MEMORANDUM OPINION

Proceeding pro se, Plaintiff Fernando Fontanez brings this action against Office of Management and Budget Director Russel Vought.   ECF No. 1.  He has also filed a supplement to his complaint and additional documents, ECF Nos. 5, 7, a motion to proceed *in forma pauperis*, ECF No. 2, a motion for a CM/ECF password, ECF No. 3, and a motion to appoint counsel, ECF No. 4.  The court will grant Mr. Fontanez's motion to proceed *in forma pauperis*, dismiss his complaint and this case without prejudice, and deny his remaining motions as moot.

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, "a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction."  *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (per curiam); *see Page v. Trump*, No. 24-CV-670, 2024 WL 3534752, at *1 (D.D.C. July 25, 2024); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "A dispute does not

fall within the subject-matter jurisdiction of federal courts unless it qualifies as a 'case' or 'controversy' within the meaning of article III, and it cannot so qualify unless the plaintiff has suffered 'injury in fact.'"  *Ananiev v. Freitas*, 37 F. Supp. 3d 297, 305 (D.D.C. 2014) (quoting *Nat'l Ass'n of Recycling Indus., Inc. v. Sec'y of Com.*, 494 F. Supp. 158, 160 (D.D.C. 1980)).

Article III standing is comprised of three elements: "(1) the plaintiff must have suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'; (2) there must exist 'a causal connection between the injury and the conduct complained of'; and (3) it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'"  *Friends of Animals v. Jewell*, 828 F.3d 989, 991-92 (D.C. Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Plaintiffs' complaint expresses a variety of concerns about the United States' political and economic affairs, including the United States' national debt and nuclear war.  ECF No. 1, at 1.  But he fails to allege that Defendant Vought's conduct injures him in particular.  A plaintiff "must demonstrate 'a personal stake in the outcome of the controversy'" to have Article III standing. *Hall v. D.C. Bd. of Elections*, 141 F.4th 200, 205 (D.C. Cir. 2025) (quoting *Gill v. Whitford*, 585 U.S. 48, 65 (2018)).  "Absent any allegations to suggest [Mr. Fontanez] ha[s] some 'particularized stake in the litigation,' this suit presents 'precisely the kind of undifferentiated, generalized grievance' . . . that federal courts may not hear."  *Davis v. D.C. Dep't of Corr.*, No. 25-CV-1895, 2025 WL 1743940, at *1 (D.D.C. June 24, 2025) (quoting *Lance v. Coffman*, 549 U.S. 437, 442 (2007)).  Instead, a "general interest common to all members of the public" is properly resolved through the political process rather than the judicial process.  *Lujan*, 504 U.S. at 575 (quoting *Ex parte Levitt*, 302 U.S. 633, 634 (1937) (per curiam)).  Because Mr. Fontanez has failed to demonstrate that he has suffered an "actual or imminent" injury that is "concrete and

particularized" to him, this court must dismiss his case for lack of subject-matter jurisdiction pursuant.

The court will accordingly grant Mr. Fontanez's motion to proceed *in forma pauperis*, ECF No. 2, and dismiss his complaint, ECF No. 1, and the case for lack of subject matter jurisdiction. The court will also deny as moot his motions for CM/ECF password, ECF No. 3, and to appoint counsel, ECF No. 4.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   February 9, 2026